UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY EDWARD DIAZ, II<br><br>            Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>            Defendants. | No. 1:23-cv-01378-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE ACTION<br><br>(ECF No. 13) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint in this action was filed on September 15, 2023. (ECF No. 1.)

On November 17, 2023, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 12.)

Plaintiff failed to file an amended complaint or otherwise respond to the November 17, 2023 order. Therefore, on January 2, 2024, the Court issued an order for Plaintiff to show cause why the action should not be dismissed. (ECF No. 13.) Plaintiff has failed to respond to the order to show cause and the time to do so has now passed. Accordingly, dismissal of the action is warranted.

# I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

///

///

# II.

# SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names the California Department of Corrections and Rehabilitation (CDCR), Edward Burden, Anthony Jimenez, Anthony Arellano, and Does 1-10, as Defendants.

On July 29, 2019, Defendants A. Jimenez and A. Arellano confronted Plaintiff as a result of an alarm triggered by nurse R. Martinez in a non-emergency situation as reported by psychologist Dr. M. Bridgeford while seeking medical attention. Defendants utilized excessive force by striking and hitting Plaintiff causing him to sustain physical injuries requiring medical attention. Defendants then falsely accused Plaintiff of battering a peace officer, when Plaintiff sought to report the misconduct Defendant Edward Burden began calling Plaintiff a "snitch" in front of other inmates in an effort to intimidate and threaten Plaintiff from reporting the abuse. Defendants Burden and Jimenez then told Plaintiff if he refused to report the misconduct the charges would be dismissed against Plaintiff. Plaintiff then informed Internal Affairs of the misconduct and after an investigation Defendant Burden was removed from Facility C.

Staff then began telling inmates that Plaintiff was a snitch causing inmates to threaten and harass Plaintiff. As a result of custody staff telling inmates false allegations and it being spread among the population, Plaintiff began to experience depression and paranoia resulting in Plaintiff assaulting another inmate to protect himself from the rumors.

Plaintiff was forced to go into protective custody due to the rumors spread by custody staff causing safety concerns in the general population.

On December 15, 2020, Plaintiff sought medical attention for suicidal ideation. Defendants Does 1 through 5 refused to obtain medical psychological attention and Plaintiff ingested bleach and stabbed himself in the face. Defendants Does 1 through 5 then cell extracted Plaintiff utilizing excessive force by striking and hitting Plaintiff causing physical injury requiring medical attention. Following the cell extraction, Does 1 through 5 failed to obtain medical psychiatric treatment for Plaintiff.

Plaintiff was subsequently transferred to the California Medical Facility. Plaintiff was experiencing prolonged and chronic suicidal ideations. Plaintiff was regularly and frequently subjected to excessive force by being struck and hit by Defendants Does 6 through 10 causing Plaintiff to suffer physical injury requiring medical attention.

On June 6, 2023, Plaintiff was found not guilty by reason of insanity for the batteries alleged by staff.

## III.

## DISCUSSION

### A. Unrelated Claims

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18. Fed. R. Civ. P. 18. Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P. 20(a)(2). Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

It is clear from review of the complaint that Plaintiff is attempting to bring claims that are unrelated and cannot be joined in a single action under Rules 18 and 20. The complaint is the type of mishmash of a complaint that was addressed in George. Unrelated claims against different

defendants belong in different suits, not only to prevent the sort of morass that [a multi-claim, multi-]defendant suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George, 507 F.3d at 607.  If Plaintiff's amended complaint continues to allege unrelated claims that are improperly joined, the Court will determine that claims that should proceed in this lawsuit and will recommend dismissal of the remaining claims.

Plaintiff's complaint does not comply with Federal Rules of Civil Procedure 18 and 20 because it includes unrelated claims against different Defendants. Plaintiff may not raise different claims against different Defendants in a single action. Merely because the claims arose while Plaintiff was at the same institution does not make the claims properly joined. Plaintiff is bringing unrelated claims for excessive force.  In addition, Plaintiff brings a claim against Doe Defendants at California Medical Facility located in Solano County which should be raised in the Sacramento Division of this Court.  Unrelated claims involving multiple Defendants belong in different suits. In any amended complaint, Plaintiff may pursue only properly joined claims. If Plaintiff files an amended complaint that improperly join claims and Defendants, the Court will choose which cognizable claims, if any, that Plaintiff may pursue.

**B.     CDCR as Defendant**

The Eleventh Amendment to the U.S. Constitution bars from the federal courts suits against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state, absent consent to the filing of such suit. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 237-38 (1985). Eleventh Amendment immunity also extends to suits against an arm of the state, such as the CDCR and prisons within the CDCR. See Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to 11th Amendment immunity).

Here, Plaintiff names CDCR as a Defendant. The Eleventh Amendment bars suits against this Defendant.  Therefore, Plaintiff fails to state a claim against CDCR, and this Defendant is subject to dismissal.

**C.     Excessive Force**

When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002).  To establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6–7 (1992).  In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7, 9–10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

Here, Plaintiff simply alleges that on July 29, 2019, Defendants A. Jimenez and A. Arellano utilized excessive force by striking and hitting Plaintiff causing him to sustain physical injuries requiring medical attention.  Plaintiff also alleges, in an unrelated claim, that Defendants Does 1 through 5 then cell extracted Plaintiff utilizing excessive force by striking and hitting Plaintiff causing physical injury requiring medical attention.  However, the complaint is devoid of any allegations detailing the circumstances surrounding the use of force. Context is important in excessive force cases because, without such allegations, the Court cannot determine whether Defendants' use of force was applied "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Bearchild v. Cobban, 947 F.3d 1130, 1140 (9th Cir. 2020) (quoting Hudson, 503 U.S. at 6).  Thus, the lack of factual allegations regarding the circumstances surrounding the use of force against Plaintiff prevents a finding that Plaintiff has plausibly alleged the force used on him was administered maliciously and sadistically rather than in a good faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21 (1986); LeMaire v. Maas, 12 F.3d 1444, 1458 (9th Cir. 1993)

("[P]rison officials are authorized and indeed required to take appropriate measures to maintain prison order and discipline and protect staff and other prisoners from violent behavior [of disruptive inmates]."). In order to cure this pleading defect, Plaintiff must set forth facts which, if true, plausibly allege the force used against him was used maliciously and sadistically to cause him harm rather than in a good faith effort to maintain or restore discipline. Accordingly, Plaintiff fails to state a cognizable excessive force claim and the two separate claims of excessive force are not related.

### C.      Medical/Mental Health Treatment

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

Negligence or medical malpractice do not rise to the level of deliberate indifference. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316

(9th Cir. 1995).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

It has long been clear that an inmate's vulnerability to suicide constitutes a serious medical condition. See, e.g., Lambert v. City of Dumas, 187 F.3d 931, 936 (8th Cir. 1999) ("The right to have medical needs addressed includes the right to be protected from a known risk of suicide."); Colburn v. Upper Darby Township, 946 F.2d 1017, 1023 (3rd Cir. 1991); Garrett v. Grant, CV 18-2137 PSG(JC), 2018 WL 3533459, at *5 (C.D. Cal. July 18, 2018) (noting that, to show deliberate indifference to a prisoner's suicide risk, a plaintiff must allege that a defendant actually knew that the inmate was "in substantial danger" of "imminent suicide" and failed to take reasonable precautionary measures).  Thus, a mentally ill prisoner may establish unconstitutional treatment on behalf of prison officials by showing that officials have been deliberately indifferent to his serious medical needs. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994); see also Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982) (mental health care requirements analyzed as part of general health care requirements); Conn v. City of Reno, 591 F.3d 1081, 1094 (9th Cir. 2010) (a heightened suicide risk or an attempted suicide is a serious medical need; reversing grant of summary judgment to transporting police officers where plaintiffs presented sufficient evidence for a jury to find that the decedent's pre-suicidal actions objectively evidenced a serious medical need), reinstated as modified by 658 F.3d 897 (9th Cir. 2011); Capps v. Atiyeh, 559 F. Supp. 894, 916 (D. Ore. 1983) (inmate suffers pain under the Eighth Amendment whenever he must endure untreated serious mental illness for any appreciable length of time).

Here, Plaintiff alleges that on December 15, 2020, Plaintiff sought medical attention for suicidal ideation., but Defendants Does 1 through 5 refused to obtain medical psychological attention and Plaintiff ingested bleach and stabbed himself in the face.  Plaintiff has not alleged facts showing that the Defendants knew and understood that Plaintiff had a serious medical or mental health care need which was an excessive risk to Plaintiff's health, yet ignored it or acted unreasonably under the circumstances.  Plaintiff must state factual support as to the identity of

each defendant and what that Defendant did or did not do which was deliberately indifferent to Plaintiff's rights.  Therefore, Plaintiff fails to state a cognizable claim for inadequate medical or mental health care under the Eighth Amendment.

### D. False Allegations

Prisoners do not have a liberty interest in being free from false accusations of misconduct. This means that the falsification of a report, even when intentional, does not alone give rise to a claim under § 1983. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (stating that "a prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports[ ]").  Accordingly, Plaintiff fails to state a cognizable claim for any alleged false allegations.

### E. Deliberate Indifference to Safety

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Cortez v. Skol, 776 F. 3d 1046, 1050 (9th Cir. 2015); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980).  The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. Id. at 837.

A prisoner may state a section 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner, Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986); see also Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading

1 rumor that prisoner is snitch may state claim for violation of right to be protected from violence
2 while in state custody), or by physical conditions at the prison. The official must both be aware of
3 facts from which the inference could be drawn that a substantial risk of serious harm exists, and
4 he must also draw the inference. See Farmer, 511 U.S. at 837.

5 Plaintiff contends that "staff" told other inmates that Plaintiff was a snitch causing inmates
6 to threaten and harass Plaintiff, resulting in depression and paranoia. However, Plaintiff fails to
7 identity of the "staff" alleged to have spread the rumors. In addition, Plaintiff fails to provide
8 sufficient factual details to support his deliberate indifference claim based on the alleged
9 misconduct by "staff." Plaintiff fails to indicate what exactly was said to the other inmates, when
10 the information was said to the other inmates, and any response by other inmates. Accordingly,
11 Plaintiff fails to state a cognizable claim for relief.

## IV.

### FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

14 Here, the Court screened Plaintiff's complaint, and on November 17, 2023, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 12.) Plaintiff did not file an amended complaint or otherwise respond to the Court's November 17, 2023 order. Therefore, on January 2, 2024, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 13.) Plaintiff failed to respond to the December 11, 2023 order and the time to do so has passed.

22 Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

27 A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52,

53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of November 17, 2023 and has not done so. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order

for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's November 17, 2023, order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district ju6dge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 12.) In addition, the Court's January 2, 2024, order to show cause specifically stated: "Plaintiff's failure to comply with this order will result in a recommendation to dismiss the action for the reasons stated above." (ECF No. 13.) Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order.

## V.

## ORDER AND RECOMMENDATION

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended complaint within thirty days. Plaintiff has failed to comply with the Court's order to file an amended and has not responded to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to obey the November 17, 2023 and January 2, 2024 orders, failure to prosecute this action, and failure to state a cognizable claim for relief.

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim

for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 26, 2024**

UNITED STATES MAGISTRATE JUDGE