UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY EDWARD DIAZ, II<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　Defendants. | No.  1:23-cv-01378-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO REOPEN THE CASE BE DENIED<br><br>(ECF No. 18) |

　　　　This action which was filed pursuant to 42 U.S.C. § 1983, was dismissed with prejudice on February 22, 2024.

　　　　Currently before the Court is Plaintiff's motion to reopen the case, filed October 18, 2024.

**I.**

**BACKGROUND**

　　　　Plaintiff initiated this action seeking to hold the CDCR and individual officers liable for violations of his civil rights at C-SATF State Prison. (ECF No. 1.)  The Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and found Plaintiff failed to state a cognizable claim. (ECF No. 12 at 3-9.) The Court granted Plaintiff leave to amend his complaint and informed him that if he failed to do so, the magistrate judge would recommend dismissal. (Id. at 10-11.) After Plaintiff failed to file an amended complaint, the Court issued an order Plaintiff to show cause why the action should not be dismissed for failure to prosecute. (ECF No. 13.) Plaintiff did not

respond to the Court's order.

Therefore, on January 26, 2024, Findings and Recommendations were issued, reiterating the prior findings that Plaintiff failed to state a claim. (ECF No. 15 at 4-10.)  In addition, the Court found Plaintiff failed to comply with the Court's orders and failed to prosecute the case. (Id. at 10.)  It was recommended the "action be dismissed for Plaintiff's failure to comply with a court order, failure to prosecute, and failure to state a cognizable claim for relief." (Id. at 12-13.) The Court served the Findings and Recommendations on Plaintiff and notified him that any objections were due within 14 days. (Id. at 13.) The Court advised him the "failure to file objections within the specified time may result in the waiver of rights on appeal." (Id., citing Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Plaintiff did not file objections.

On February 22, 2024, the Findings and Recommendations were adopted in full and the action was dismissed, with prejudice.  (ECF No. 16.)

Plaintiff now seeks to reopen the action due to "extreme circumstances."  (ECF No. 18.)

**II.**

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to exercise its discretion to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied ...; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Moreover, Local Rule 230(j) requires a party to show the "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." A Rule 60(b) motion must be made within a reasonable time, and for motions under Rule 60(b)(1), (2), and (3), "no more than a year after the entry of the judgment or order or date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court finds that Plaintiff's motion to reopen the case must be denied. While Plaintiff's circumstances are unfortunate, Plaintiff does not provide facts sufficient to support a finding of excusable neglect. Plaintiff simply states that he is now competent enough to write and

understand what he is reading.  Plaintiff's current request was made approximately eight months after judgment was entered.  However, Plaintiff does not specify when he received the court's orders and he entirely fails to explain the months long delay.  Further, Plaintiff has not explained, beyond a conclusory allegation, that he was unable physically and mentally to meet the court's deadlines. Accordingly, because Plaintiff fails to satisfy any of the Rule 60(b) grounds to warrant the Court to grant relief from a judgment or order, his motion to reopen the action should be denied.

### III.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENED that Plaintiff's motion to reopen this action be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 21, 2024**

UNITED STATES MAGISTRATE JUDGE